IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRELL BEATTY,**

    **Petitioner**    :    **CIVIL NO. 1:CV-05-2067**

**v.**    :    **(Judge Rambo)**

**ROBERT SHANNON,** *et al.,*

    **Respondents**

## MEMORANDUM and ORDER

**I.**    **Background**

Petitioner, Darrell Beatty, an inmate at the State Correctional Institution at Frackville, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. Pending before the court is Petitioner's motion for appointment of counsel (Doc. 15) For the reasons that follow, the motion will be denied.

**II.**    **Discussion**

Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 772, 752 (1991), the court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require. . ." *See* 18 U.S.C. § 3006A(a)(2);[1] *see also Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d

---

1. Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so
(continued...)

Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991).

In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit Court of Appeals identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the claimant's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation, (4) the claimant's capacity to retain counsel on his own behalf, (5) the extent to which the case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Petitioner's motion fails to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding this motion, that the petition has arguable merit, Petitioner has not demonstrated that he

---

(...continued)
require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

is incapable of presenting comprehensible arguments.  The petition is typewritten, Petitioner presented understandable arguments in support of relief, and investigation of the facts does not seem beyond the capabilities of this Petitioner.  Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for expert testimony, the case is not likely to turn on credibility determinations, and the court cannot say, at least at this point, that Petitioner will suffer prejudice if he is forced to prosecute this case on his own.  Furthermore, this court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel.  *Haines v. Kerner*, 404 U.S. 519 (1972).

   **IT IS THEREFORE ORDERED THAT** Petitioner's motion for appointment of counsel (Doc. 15) is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative or upon a motion properly filed by the Petitioner.

              s/Sylvia H. Rambo
              SYLVIA H. RAMBO
              United States District Judge

Dated:  November 1, 2006.